UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. David Nollie Eure**     Docket No. 2:21-CR-15-1M

**Petition for Action on Supervised Release**

COMES NOW Lakesha H. Wright, Senior U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of David Nollie Eure, who, upon an earlier plea of guilty to Possession of a Firearm by a Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), was sentenced by the Honorable Richard E. Myers II, Chief United States District Judge, on January 13, 2022, to the custody of the Bureau of Prisons for a term of 27 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 3 years.

David Nollie Eure was released from custody on February 17, 2023, at which time the term of supervised release commenced.

On October 13, 2023, a Violation Report was submitted to the court advising that on October 9, 2023, the defendant was served with a warrant charging Assault With a Deadly Weapon (23CR427551) in Gates County, North Carolina. According to the warrant, on October 3, 2023, Eure drove his truck onto the alleged victim's property and attempted to run him over with the truck. The defendant was released on a $1,500 unsecured bond. Inasmuch as Eure denied the alleged conduct, it was recommended he be continued under supervision without modification at the time. The court concurred with the recommendation on October 13, 2023. The charge was ultimately dismissed on December 18, 2023.

On January 22, 2024, a Violation Report was submitted to the court advising that on January 3, 2024, during an unannounced home visit, Eure was observed in the presence of a known drug user (Charles Eure). The court was also informed that on that date, the defendant submitted to an instant urine screen which tested positive for cocaine and fentanyl use. When confronted with the results, Eure denied using fentanyl, but he admitted using cocaine on January 1, 2024. On January 12, 2024, the national laboratory confirmed the presence of cocaine in Eure's urine, but no fentanyl. Eure provided a written statement acknowledging his use of cocaine and his association with a known drug user. The defendant was instructed to refrain from associating with Charles Eure. Based on this instruction coupled with the probation officer's use of cognitive behavioral skills with Eure and the defendant's participation in substance abuse and mental health/anger management treatment with First Step Services based in Raleigh, North Carolina, it was recommended that the defendant be continued under supervision without modification. The court concurred with the recommendation on January 24, 2024.

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

As noted in the Presentence Report (PSR), Eure's criminal history consists of multiple charges and/or convictions involving assault, harassing phone calls, threatening communication, stalking, trespassing, and other offenses. Additionally, the PSR indicates that during the instant offense, Eure engaged in a physical altercation with a female acquaintance and that a search of his residence resulted in the seizure of a firearm.

As special conditions of supervised release, the court ordered Eure to participate in mental health treatment and an approved program for domestic violence. Additionally, as a standard condition of supervised release, the court ordered the defendant to follow the instructions of the probation officer related to the conditions of supervision.

On December 3, 2022, while on BOP home confinement, Eure began participating in outpatient mental health and substance abuse treatment services with non-contracted treatment provider PORT Health in Ahoskie, North Carolina. On April 11, 2023, following the commencement of his term of supervised release, the defendant underwent a new mental health assessment with agency-contracted treatment provider, First Step Services (FSS), for domestic violence/anger management-specific treatment. Eure was ultimately recommended to participate in monthly individual counseling to address depression, panic attacks, and to develop coping skills to better manage anger. The defendant's substance abuse treatment services were subsequently transferred to FSS while his medication management services remained at PORT Health.

Eure continues to participate in treatment as indicated above. Additionally, the undersigned probation officer and FSS counselor continue to counsel the defendant via the use of cognitive behavioral skills in an effort to promote compliance and to guide Eure toward positive and effective thinking styles. Nonetheless, the defendant's incidents of harassment and threatening behaviors have persisted as indicated below:

- On April 12, 2023, the probation officer received notification from staff at PORT Health that Eure sent inappropriate and harassing text messages to an employee whom he had previously known and that the messages were sent over a span of 1.5 hours. It was further conveyed that after receiving the messages, the employee was afraid, and that he/she had to exit the building when Eure arrived for treatment. The probation officer reviewed the text messages and noted that the defendant sent the individual a text message stating that he was in route to his/her residence without an invitation. In response to Eure's conduct, the probation officer instructed Eure to refrain from contacting the PORT employee. He was also encouraged to refocus and to consider the potential consequences of his actions.

- On August 18, 2023, the probation officer received information from a law enforcement official and state probation officer in Gates County, North Carolina, advising that the defendant showed up unannounced at the residence of a convicted sex offender who was recently released from incarceration. Inasmuch as the individual was reportedly threatened with eviction from their landlord due to Eure's unannounced visit, the officials requested that the undersigned probation officer instruct the defendant to stay off the individual's property. When confronted about the unannounced visit and unapproved contact with the convicted felon, Eure acknowledged that he was not invited to the individual's residence and that he decided to show up because he found out the individual had been released from imprisonment. The defendant claimed that he did not know the individual was a convicted felon. The probation officer ultimately instructed Eure to refrain from contacting the individual and to stay off his/her property.

- As noted above, on October 13, 2023, Eure was served with a warrant charging Assault With a Deadly Weapon in Gates County after it was alleged that he attempted to run an individual over with his (Eure's) truck on October 9, 2023. Although Eure denied the allegation and the charge was ultimately dismissed, he admitted to the probation officer that he decided to confront the alleged victim about property that he (the alleged victim) stole while he (Eure) was incarcerated. Eure acknowledged that the information regarding the theft was based on hearsay and that he should not have confronted the alleged victim.

David Nollie Eure
Docket No. 2:21-CR-15-1M
Petition For Action
Page 3

- October 18, 2023, the probation officer received information regarding threatening messages Eure sent to his ex-wife's husband via Facebook Messenger. In the messages, the defendant stated, "I can't wait to meet you!," "It's gonna be soon," and "Holding MY GRAND SON." When confronted by the probation officer, Eure admitted that he sent the messages to his ex-wife's husband because he (Eure) is jealous of him. The defendant elaborated by stating that he (Eure) desired relationships with his grandchildren and children, but they have refused to communicate with him. He also acknowledged that overthinking has caused him to make irrational decisions. In response to Eure's conduct, the probation officer instructed him to refrain from contacting his ex-wife's husband and again encouraged him to think about the potential consequences of his actions and the impact of his messages on others.

- On February 7, 2024, the probation officer received information regarding threatening messages the defendant sent via Facebook Messenger to a former coworker regarding his (the former coworker's) wife. In the messages, the defendant stated, "You and your ugly wifes mouth got back to me. Hope I don't see you anytime soon. Wtf," "I liked you but you need to be on your tops. I will be looking for you you fucking punk," "Mark when I see you it's over for you! You wife has a big mouth. But imma take it out on you boy. Can't wait to see you" Note: The victim declined to press charges against Eure. On February 9, 2024, when confronted by the probation officer, Eure stated that he sent the messages to his former coworker, whom he identified as a good man, because his former coworker's wife treated him like a criminal when he went to the tax office to pay his taxes. He also stated that he decided to send the text messages to his former coworker because he believed his former coworker was the reason his wife mistreated him. The probation officer attempted to use cognitive behavioral skills with Eure during their telephone correspondence but became increasingly interruptive. After ending the call with Eure, he sent the probation officer text messages requesting a new probation officer and one of a different race (similar/related messages were sent to the probation officer between a four-hour time frame with no response from the probation officer). On February 14, 2024, the undersigned probation officer and Supervising U.S. Probation Officer Maurice Foy conducted an administrative hearing with Eure to address the above-noted incidents/conduct. Eure readily apologized for his actions.

- On February 28, 2024, Eure was served with a criminal summons charging Harassing Phone Call (24CR232577) in Gates County. The summons was issued on February 12, 2024, and alleges that on or about February 10, 2024, the defendant unlawfully and willfully telephoned an individual for the purpose of harassing the same individual identified in the above-noted August 2023 incident. Eure denies the allegation. The charge remains pending.

To address Eure's ongoing concerning behaviors, it is respectfully that his supervised release be modified to include conditions ordering that he participate in a cognitive behavioral program, and he not have any social networking accounts without the approval of the U.S. Probation Office. Eure signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The defendant shall participate in a cognitive behavioral program as directed by the probation office.

2. The defendant shall not have any social networking accounts without the approval of the U.S. Probation Officer.

Except as herein modified, the judgment shall remain in full force and effect.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Lakesha H. Wright
Lakesha H. Wright
Senior U.S. Probation Officer
306 East Main Street, Room 306
Elizabeth City, NC 27909-7909
Phone: 252-335-5508
Executed On: February 28, 2024

## ORDER OF THE COURT

Considered and ordered this 28th day of February, 2024, and ordered filed and made a part of the records in the above case.

Richard E Myers II

Richard E. Myers II
Chief United States District Judge